OTIS FELIX, Plaintiff

v.

VARLACK VENTURES, Defendant

Case No. 451-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 18, 1976

HOFFMAN, *Judge*

MEMORANDUM OPINION

This matter came on for a hearing on January 9, 1976. Plaintiff appeared in his own proper person and through his attorney, Charlotte L. Poole, Esq. Defendant appeared through the person of Mr. Rodney Varlack, president, and through its attorney, Isherwood, Colianni, Alkon and Barnard (Robert Zimmerman, Jr., Esq. of counsel.)

This cause of action arises out of an accident that occurred on or about January 7, 1975 at the dock at Cruz Bay, St. John, aboard the vessel, *Mein Kapitan,* owned and operated as a commercial ferryboat by the defendant.

At about 5:45 a.m. on the date in question, the plaintiff, a resident of St. Thomas who had been in St. John attending the festivities associated with the gubernatorial inauguration, boarded the *Mein Kapitan* and proceeded to the lower passenger deck. Upon reaching the lower passenger deck, the plaintiff fell in an open engine hatch. As a result of this fall, plaintiff incurred bodily injuries which are the basis for his claim for relief.

The circumstances attendant to plaintiff's boarding of the *Mein Kapitan* are critical to the resolution of this case. Plaintiff testified that at about 2 a.m. on the day in question he proceeded to the dock at Cruz Bay to seek passage back to St. Thomas. Unable to gain such passage, the plaintiff went to sleep on the deck of another vessel owned by defendant, the *Cindy D*. Awaking at about daylight, plaintiff then boarded the *Mein Kapitan* which was preparing to leave St. John. Plaintiff did not purchase a ticket before boarding the *Mein Kapitan*, inasmuch as the normal ticket booth was not open. Plaintiff did testify, however, that it was common for the fare to be collected on board and that he fully intended to pay for his fare if requested to do so.

A basic issue of credibility arises regarding the critical question of whether or not defendant or any of his agents knew of plaintiff's presence on the *Mein Kapitan* before plaintiff's fall on the morning in question. In this regard, the Court finds the testimony of the president of the defendant corporation, Mr. Varlack, to be, on balance, the more credible. Accordingly, the Court finds that neither the captain nor crew were aware of Mr. Felix's presence on the boat before his fall. The Court finds that this particular trip was not a commercial run, but merely preparatory to the ship's first commercial run of the day which was to originate from the Red Hook Dock, St. Thomas. The Court finds that certain passengers were aboard the

ship pursuant to special permission granted by Mr. Varlack and that these passengers had been instructed to sit in the stern of the boat, away from the lower passenger deck. Plaintiff admitted that he had not sought nor received permission to board the *Cindy D* or the *Mein Kapitan* on the morning in question.

■ It is the opinion of the Court that there is no basis whatsoever for defendant to be held liable for any injuries plaintiff may have suffered. Having found that the defendant was unaware of plaintiff's presence on the vessel, had not given plaintiff permission to board the vessel and that the vessel had not yet begun its commercial operation on the day in question and would not do so until the vessel reached St. Thomas, the Court concludes that defendant had no duty of care to the plaintiff other than the negative duty of doing nothing to injure plaintiff once plaintiff's presence became known. Although a common carrier of passengers is required to exercise an extremely high degree of care towards its passengers, the facts of this case do not establish that there was any commercial or even gratuitous relationship of carrier and passenger between defendant and the plaintiff. As such, defendant's duty toward plaintiff was that that defendant owed to any other trespasser and the Court finds no breach of that duty.

■ Alternatively, even if defendant had had a higher duty of care toward the plaintiff, the Court finds that plaintiff's own negligence was the proximate cause of his injuries. The testimony revealed that the open hatch was clearly visible, if plaintiff had been watching where he was walking. Plaintiff further testified that he was aware from his prior trips on the *Mein Kapitan* that there was a hatch in that location, although it had always been closed.

Accordingly, this action will be dismissed.

Defendant is awarded counsel fee in the sum of $150.00 and costs in the sum of $15.00.

Let Judgment enter accordingly.

## JUDGMENT

This matter came on for a trial on January 9, 1976. Plaintiff appeared in his own proper person and through his attorney, Charlotte L. Poole, Esq. Defendant appeared through the person of Mr. Rodney Varlack, president of the corporation and through its attorney, Isherwood, Colianni, Alkon and Barnard (Robert Zimmerman, Jr., Esq. of counsel). The issues having been duly tried and a Memorandum Opinion having been filed by the Court this date, it is hereby

ORDERED, ADJUDGED AND DECREED

That the plaintiff take nothing and that the action be dismissed on the merits; further

That the plaintiff shall contribute the sum of $150.00 toward the defendant's attorney's fees and pay costs in the sum of $15.00.

It is so ordered.